**DIAMOND WASTE, INC., Plaintiff,**

v.

**MONROE COUNTY, GA.,
et al., Defendants.**

**Civ. A. 91–379–2–MAC (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

March 2, 1993.

---

Linwood Robert Lovett, Macon, GA, for plaintiff.

Frederick L. Wright, II, Atlanta, GA, W. Franklin Freeman, Jr., James Albe Vaughn, Forsyth, GA, for defendants Monroe County, GA, Monroe County Bd. of Com'rs and Thomas H. Wilson.

## ORDER

OWENS, Chief Judge.

The facts of this case are provided in detail in *Diamond Waste, Inc. v. Monroe County,* 796 F.Supp. 1511 (M.D.Ga.1992). On January 5, 1993, the Eleventh Circuit remanded this case for the sole purpose of reconsidering the question of whether the Monroe County ordinance at issue facially violates the Commerce Clause of the United States Constitution. This court allowed the parties ample time in which to file supplemental briefs relating to this issue; however, defendants have yet to file a response.

The Monroe ordinance in dispute imposes strict regulations on persons and corporations who import out-of-county waste into Monroe County for disposal. By order of May 12, 1992, this court granted a preliminary injunction against enforcement of the ordinance, finding that plaintiff Diamond Waste was likely to succeed in showing that the ordinance was an unconstitutional burden on interstate commerce. *See Diamond Waste, Inc. v. Monroe County,* 796 F.Supp. 1511 (M.D.Ga.1992) ("*Diamond II* ").

However, this court also found that the ordinance does not facially violate the Commerce Clause and granted summary judgment in favor of defendants on this issue. *Id.* at 1517. This finding was based upon *Diamond Waste, Inc. v. Monroe County,* 939 F.2d 941 (11th Cir.1990) ("*Diamond I* "), in which the Eleventh Circuit held that a ban upon out-of-county waste did not facially violate the Commerce Clause because the ban applied evenhandedly to both intrastate waste and interstate waste. *Id.* at 944.

On June 1, 1992, shortly after the *Diamond II* decision, the Supreme Court issued *Ft. Gratiot Sanitary Landfill, Inc. v. Michigan Dept. of Natural Resources,* — U.S. —, 112 S.Ct. 2019, 119 L.Ed.2d 139 (1992), which has direct impact on this case. In *Ft. Gratiot,* the Court held that a Michigan statute, which prohibited anyone from importing waste into a county unless the importation was authorized by that county's waste management plan, facially violated the Commerce Clause. *Id.* at —, 112 S.Ct. at 2028.

The Court found that it made no difference that the Michigan statute treated interstate waste and intrastate waste evenhandedly, "for ... a State (or one of its political subdivisions) may not avoid the strictures of the Commerce Clause by curtailing the movement of articles of commerce through subdivisions of the State, rather than through the State itself." *Id.* at —, 112 S.Ct. at 2024. Thus, the statute was subject to strict scrutiny analysis under the Commerce Clause, and, as the state could not identify any reason, apart from origin, why out-of-county waste should be treated differently from in-county waste, the statute facially violated the Commerce Clause. *Id.*

*Ft. Gratiot* is binding on the case at bar. The Monroe County ordinance treats in-county waste differently from out-of-county waste and is therefore subject to strict scrutiny. Consequently, defendants are not enti-

tled to summary judgment on the issue of facial invalidity under the Commerce Clause. Accordingly, plaintiff's motion to reconsider is GRANTED, and defendants' motion for summary judgment on the issue of facial invalidity under the Commerce Clause is DE-NIED.

SO ORDERED.