**DIAMOND WASTE, INC., Plaintiff,**

v.

**MONROE COUNTY, GA.,
et al., Defendants.**

**No. C.A. 91–379–2–MAC (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

Aug. 9, 1993.

Linwood Robert Lovett, Macon, GA, for plaintiff.

Frederick L. Wright, II, Atlanta, GA, W. Franklin Freeman, Jr., Forsyth, GA, James Albe Vaughn, Forsyth, GA, for defendants.

### ORDER

OWENS, Chief Judge.

The facts of this case are reported in *Diamond Waste, Inc. v. Monroe County,* 796 F.Supp. 1511 (M.D.Ga.1992). After this court entered a certification of its intent to grant plaintiff's motion for summary judgment, *see Diamond Waste, Inc. v. Monroe County,* 814 F.Supp. 83 (M.D.Ga.1993), this case was remanded from the Eleventh Circuit to permit the court to grant plaintiff's motion.

Plaintiff contends that a county ordinance which regulates waste imported into Monroe County for disposal in the county is an unconstitutional burden under the Commerce Clause. Because the ordinance treats waste coming from outside the county differently from waste originating inside the county, the court finds that it unambiguously discriminates against interstate commerce. *Fort Gratiot Landfill, Inc. v. Michigan Department of Natural Resources,* —— U.S. ——, 112 S.Ct. 2019, 119 L.Ed.2d 139 (1992).

In such case, the burden is on the county to show that there is some reason, apart from origin, to treat out-of-county waste differently from in-county waste. *Chemical Waste Management, Inc. v. Hunt,* —— U.S. ——, 112 S.Ct. 2009, 119 L.Ed.2d 121 (1992). The county has failed to meet this burden; therefore, the court finds the county ordinance at issue to be facially invalid under the Commerce Clause. *See also Mullis Tree Service, Inc. v. Bibb County,* 822 F.Supp. 738 (M.D.Ga.1993).

Accordingly, plaintiff's motion for summary judgment is **GRANTED.**

**SO ORDERED.**